944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Ellis BURLESON, Plaintiff-Appellant,
v.
Gary T. DIXON, H.A. Rosefield, Aaron Johnson, Lacy
Thornburg, Defendants-Appellees.
 No. 91-7609.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 12, 1991.
Decided Sept. 30, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-404)
 Charles Ellis Burleson, appellant pro se.
 Lucien Capone, III, Assistant Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Burleson appeals the district court's order dismissing without prejudice his action brought pursuant to 42 U.S.C. § 1983, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. We find that the provisions of § 1997e were not applicable to Burleson. Thus, the district court's order must be vacated and the case remanded.
 
 
 2
 The district court may properly require exhaustion of administrative remedies in § 1983 actions brought by "an adult convicted of a crime confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a)(1). Burleson's complaint showed that he was confined in Broughton Hospital in Morganton, North Carolina. He argues on appeal that he was no longer an inmate of the North Carolina Department of Corrections. Broughton Hospital is a facility for the mentally ill operated by the Secretary of the Department of Human Resources rather than by the North Carolina Department of Correction. See N.C.Gen.Stat. § 122C-181 (1989). Therefore, Burleson's confinement did not meet the condition of § 1997e and the district court's application of it to him was error. We do not condone Burleson's action in not raising this issue to the district court during the 5 month period when he was supposed to be exhausting his remedies, but we cannot disregard the clear limitation in the statute.
 
 
 3
 Accordingly, the district court's order dismissing Burleson's complaint is vacated and the action is remanded to the district court for further proceedings without the requirement that Burleson comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)(1). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.